1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   IN RE IVAN RENE MOORE,              )   Case No.  CV 20-10980 FMO
12              Debtor,                   )        BK Case No. 17-12071 MB
     _____    )        Adv. Case No. 17-1088 MB
13                                        )
     IVAN RENE MOORE,                     )
14                                        )
                Appellant,                )
15                                        )   **ORDER RE: DISMISSAL FOR LACK OF**
          v.                              )   **PROSECUTION**
16                                        )
     WELLS FARGO BANK, N.A., et al.,      )
17                                        )
                Appellees.                )
18   _____    )

19        On December 2, 2020, appellant Ivan Rene Moore ("appellant") filed his Notice of Appeal,

20   (Dkt. 1), challenging the Bankruptcy Court's Order of November 20, 2020, (Bankruptcy Adversary

21   ("BK Adv.") Dkt. 142).  (See Dkt. 1, Notice of Appeal at 2).  After the Clerk of the Bankruptcy Court

22   issued a Document Discrepancy Regarding Notice of Transcript, (Dkt. 8; BK Adv. Dkt. 151), this

23   court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution ("OSC"), (Dkt. 9,

24   Court's Order of February 3, 2021), ordering appellant to remedy his failure to comply with Fed.

25   R. Bankr. P. 8009(b)(1) and/or explain why his case should not dismissed for noncompliance.

26        On February 17, 2021, appellant filed an "Opposition to the Order to Show Cause Issued

27   By Court Dated 2/3/21," (Dkt. 10, "Opp. to OSC"), but remained in non-compliance with Fed. R.

28   Bankr. P. 8009(b)(1).  (See, generally, Dkt. & BK Adv. Dkt.).  Appellant took no further action to

1  perfect his appeal, so on March 10, 2021, the court issued another OSC Re: Dismissal for Lack
2  of Prosecution ("Continued OSC").  (See Dkt. 11, Court's Order of March 10, 2021).  The
3  Continued OSC directed appellant to show cause why his appeal should not be dismissed for lack
4  of prosecution for failure to file the documents required by the Federal Rules of Bankruptcy
5  Procedure and warned appellant that noncompliance "shall result in this action being dismissed
6  without prejudice[.]"  (Id. at 2).  On March 25, 2021, appellant filed a "Reply/Opposition to the
7  Order from the Court Issued Dated [sic] 3/10/21."  (Dkt. 12, "Opp. to Continued OSC").  As of the
8  filing date of this Order, approximately six months after the deadline set forth in the Continued
9  OSC, (Dkt. 11), appellant still has not complied with Fed. R. Bankr. P. 8009(b)(1).  (See,
10  generally, Dkt. & BK Adv. Dkt.).

11      The court has reviewed appellant's Opposition to OSC  and Opposition to Continued OSC
12  and finds that there is no basis to justify appellant's failure to comply with the applicable Federal
13  Rules of Bankruptcy and the court's orders.  Appellant claims that on January 8, 2021, he "sent
14  a full and complete request for the transcripts that relate to this appeal.  (See Exhibit B)[.]"  (Dkt.
15  10, Opp. to OSC at ECF 95) (bold omitted).  Aside from there being no "Exhibit B" attached to the
16  Opposition to OSC, appellant's claim that he "sent a full and complete request for the transcripts"
17  is simply not supported by the record.[1]  As an initial matter, the Document Discrepancy Regarding
18  Notice of Transcript, (Dkt. 8; BK Adv. Dkt. 151), issued by the Clerk of the Bankruptcy Court four
19  days after appellant's January 8, 2021, Notice of Debtor's Request to Order Transcripts for
20  Appeal, (BK Adv. Dkt. 149, "Notice of Transcript Request"), belies appellant's "full and complete"
21  claim.

22      Further, the Bankruptcy Adversary Docket reflects that appellant filed a Notice of Transcript
23  Request, (BK Adv. Dkt. 149), rather than a notice of paid transcript as required by Fed. R. Bankr.
24  P. 8009(b)(1)(A) and (b)(4) ("At the time of ordering, a party must make satisfactory arrangements
25  with the reporter for paying the cost of the transcript.").  In other words, appellant's Notice of

26  _____

27      [1] Appellant makes a similar "full and complete" claim in his Opposition to Continued OSC and
    refers alludes to the non-existent "Exhibit B." (See Dkt. 12, at ECF 133).  Appellant's argument
28  is rejected for the same reasons as set forth in this order.

2

Transcript Request, (see BK Adv. Dkt. 149), is insufficient to establish that he paid for the transcripts. Had appellant paid for the transcripts he ordered, the court reporter would have filed an acknowledgment of receipt of a paid transcript order. See Fed. R. Bankr. P. 8010(a)(2)(A) ("Upon receiving an order for a transcript in accordance with Rule 8009(b), the reporter must file in the bankruptcy court an acknowledgment of the request that shows when it was received, and when the reporter expects to have the transcript completed."). Here, the Bankruptcy Adversary Docket reflects no such acknowledgment. (See, generally, BK Adv. Dkt.).

Appellant claims to have "been in touch with the court reporter and she has not heard from the Bankruptcy Court Clerk[.]" (Dkt. 10, Opp. to OSC at ECF 95). Appellant also claims that "[t]he Court reporting service Hyatt Court Reporting only received (1) hearing date the 1/20/21 Digital Audio Data[2] from the Bankruptcy Court Clerk's office requested by the appellant in this action[;]" appellant "has been in touch with the Hyatt court reporter service, and they have not received all the Digital Audio Data from the Bankruptcy Court Clerk requested by the appellant in this action[;]" and he "caused a letter to be sent to the United States Bankruptcy Clerk's office Woodland Hills Branch, on March 18th, 2021[,]" but has "not received a response." (Dkt. 12, Opp. to Continued OSC at ECF 133).[3]

Putting aside the lack of credibility underlying appellant's claims,[4] the claims themselves are irrelevant to the central issue of whether appellant has paid for the necessary transcripts.

_____

[2] Appellant's claim about obtaining digital audio from a "1/20/21" hearing, (Dkt. 12, Opp. to Continued OSC at ECF 133), is irrelevant as it post-dates the December 2, 2020, filing of the instant Notice of Appeal, (Dkt. 1).

[3] The court notes that appellant's declaration, (see Dkt. 12, Opp. to Continued OSC at ECF 133-34), is not signed, see L.R. 5-4.3.4(a)(3) (hand-signed signatures required for non-CM/ECF registered filers like appellant), and therefore does not comply with 28 U.S.C. § 1746 as required by the Continued OSC, (see Dkt. 11, at 2).

[4] For example, the court questions whether and why appellant would have to play middleman and submit, as he claims, requests to transfer digital audio files from the Bankruptcy Court to the court reporting/transcription service. Indeed, even if appellant's claim was credible, it is unlikely that such requests would be honored since no transcripts had been paid for. Thus, it is highly questionable that employees of a court reporting/transcription service would spend time coordinating with appellant the preparation of a hypothetical transcript order.

1   Despite the court's concerns about appellant's claims in his Opposition to OSC, (Dkt. 10), the

2   court nevertheless exercised its discretion and gave appellant another opportunity to prosecute

3   his appeal, and extended the deadline for compliance.  (See Dkt. 11, Continued OSC).  The court

4   warned appellant that noncompliance with the new deadline would result in dismissal of the

5   action.  (See id. at 2).  Again, appellant did not comply with the court's deadline, and instead

6   made unsupported and irrelevant claims regarding efforts to contact the court

7   reporting/transcription service and the Clerk of the Bankruptcy Court.  (See Dkt. 12, Opp. to

8   Continued OSC at ECF 133-34).

9          In Greco v. Stubenberg, 859 F.2d 1401 (9th Cir. 1988), the appellant challenged the district

10  court's dismissal of his appeal of a bankruptcy court decision for failure to prosecute due to a

11  "delay in procuring the relevant transcripts [that] was caused in part by [the] appellant's repeated

12  failure to provide the funds necessary to cover the transcription expense."  Id. at 1404.  The Ninth

13  Circuit affirmed the dismissal, explaining that "[i]n determining whether to dismiss an appeal on

14  [ ] grounds [such as failure to take requisite steps to prosecute an appeal], a district court must

15  consider (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to

16  the dismissal was caused entirely by the party's attorney."[5]  Id.

17         This court has been willing to excuse appellant's extreme tardiness in perfecting the

18  appellate record.  On two separate occasions, the court considered and provided appellant –

19  though harboring justifiable concerns about the credibility of appellant's claims of diligence – with

20  "alternative measures in lieu of dismissal[.]"  Greco, 859 F.2d at 1404.  Despite the goodwill

21  extended by the court, appellant remains in non-compliance by refusing to pay for the transcripts

22  necessary to move his appeal forward.  Indeed, the record indicates that appellant attempted to

23  conceal his lack of diligence by making irrelevant and specious claims about contacting the court

24  reporter and the Clerk of the Bankruptcy Court.  (See Dkt. 10, Opp. to OSC at ECF 95; Dkt. 12,

25  Opp. to Continued OSC at ECF 133-34).

26         Appellant, no doubt, is familiar with the concept of court rules, deadlines, and procedure,

27  _____

28  [5]  The court refers to these as the "Greco factors."

4

having filed no less than 13 bankruptcy appeals[6] in this judicial district, as well as four subsequent appeals to the Ninth Circuit:[7]

    1.    <u>Moore v. Hills (In re Moore)</u>, Case No. 20-10981 JWH.[8]

    2.    <u>Moore v. Wells Fargo Bank, N.A. (In re More)</u>,[9] Case No. 20-5733 FMO;[10] CA9 Case No. 21-55121.

    3.    <u>Moore v. Ronald Hills (In re Moore)</u>, Case No. 20-1450 JWH.

    4.    <u>Moore v. Wells Fargo Bank, N.A. (In re Moore)</u>, Case No. 19-1016 DOC.

    5.    <u>Moore v. Barbour (In re Barbour)</u>, Case No. 17-5941 SVW (consolidated with Case Nos. 17-5942 SVW, 17-8741 SVW, 17-6926 SVW).[11]

    6.    <u>Moore v. Barbour (In re Barbour)</u>, Case No. 17-2859 CJC; CA9 Case No.

---

[6]  This excludes the instant appeal, as well as any prior in civil cases in which appellant was a plaintiff.

[7]  "A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018); <u>see</u> Fed. R. Evid. 201.  "PACER" stands for Public Access to Court Electronic Records.  See <u>Raygoza-Garcia</u>, 902 F.3d at 998 n. 2.

[8]  In this appeal, the Deficiency Notice re: Notice of Transcript was issued on January 12, 2021, followed by an Order to Show Cause Regarding Appellant's Failure to File Notice of Transcript on April 19, 2021.  <u>See</u> <u>In re Moore</u>, Case No. 20-10981 JWH (C.D. Cal. 2021) (Dkt. Nos. 6 & 7).

[9]  Though appellant spelled his last name as "More" in this appeal, appellant ("Ivan Rene More") is the same party ("Ivan Rene Moore") who prosecuted all these appeals since the "represented by" entry in all dockets reflect the same "Ivan Rene Moore" proceeding <u>pro se</u>.

[10]  Dismissed for failure to prosecute on January 12, 2021.  <u>See</u> <u>In re More</u>, Case No. CV 20-5733 FMO, Dkt. 14 (C.D. Cal. 2021).

[11]  All four member cases were dismissed for failure to prosecute on December 20, 2017.  <u>See</u> <u>In re Barbour</u>, Case No. CV 17-5941 SVW, Dkt. 16 (C.D. Cal. 2017) ("The appellant . . . has shown a complete disregard for this Court, its orders and deadlines.  The appellant has clearly demonstrated a complete lack of interest in pursing this matter. [¶] Therefore, the instant case and all consolidated cases are dismissed."); <u>In re Barbour</u>, Case No. 17-5942 SVW, Dkt. 13 (C.D. Cal. 2017); <u>In re Barbour</u>, Case No. 17-8741 SVW, Dkt. 8 (C.D. Cal. 2017); <u>In re Barbour</u>, Case No. 17-6926 SVW, Dkt. 15 (C.D. Cal. 2017).

1   17-56584.[12]

2   7.   <u>Moore v. Barbour (In re Barbour)</u>, Case No. 17-2857 SJO; CA9 Case No. 17-56914.

3   8.   <u>Moore v. Wells Fargo Bank, N.A. (In re Barbour)</u>, Case No. 17-1055 SJO.[13]

4   9.   <u>Moore v. Wells Fargo Bank, N.A. (In re Barbour)</u>, Case No. 17-1051 SJO.[14]

5   10.   <u>Moore v. U.S. Trustee (In re Moore)</u>, Case No. 16-9540 AB; CA9 Case No. 18-

6        55165.

7   Eight of these appeals (seven[15] in district court and one[16] in the Ninth Circuit) were dismissed for

8   failure to prosecute, evincing both appellant's pervasive lack of diligence and his awareness of

9   the consequences of such dilatory conduct.

10        The court continues to expend limited judicial resources to manage the case and issue

11   orders in an attempt to prod along a party who seems to treat the "filing of the notice of appeal

12   . . . merely as a taking of an option to appeal the case should appellant[ ] later determine to do

13   so." <u>Taylor v. S & D Enters., Ltd.</u>, 601 F.2d 175, 176 (5th Cir. 1979) (<u>per curiam</u>) (dismissing the

14   appeal due to the inexcusable "failure to order the transcript in anything approaching a timely

15   fashion").  Here, appellant was warned on at least two occasions that his appeal was in danger

16   of being dismissed and/or would be dismissed for failure to pay the transcript fees or otherwise

17   perfect his appeal.  (See Dkt. 9, Court's Order of February 3, 2021 at 2); (Dkt. 11, Court's Order

18   of March 10, 2021 at 2); see also <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]

19

20   [12] Appeal to the Ninth Circuit dismissed for failure to prosecute on January 25, 2018.  See <u>In re Barbour</u>, Case No. 17-56584, Dkt. 8 (9th Cir. 2018).

21

22   [13] Dismissed for failure to prosecute on January 12, 2018.  See <u>In re Barbour</u>, Case No. CV 17-1055 SJO, Dkt. 17 (C.D. Cal. 2018).

23

24   [14] Dismissed for failure to prosecute on January 11, 2018.  See <u>In re Barbour</u>, Case No. CV 17-1051 SJO, Dkt. 29 (C.D. Cal. 2018).

25   [15] See <u>In re More</u>, Case No. CV 20-5733 FMO, Dkt. 14 (C.D. Cal. 2021); <u>In re Barbour</u>, Case No. 17-5941 SVW, Dkt. 16 (C.D. Cal. 2017); <u>In re Barbour</u>, Case No. 17-5942 SVW, Dkt. 13 (C.D.
26   Cal. 2017); <u>In re Barbour</u>, Case No. 17-8741 SVW, Dkt. 8 (C.D. Cal. 2017); <u>In re Barbour</u>, Case No. 17-6926 SVW, Dkt. 15 (C.D. Cal. 2017); <u>In re Barbour</u>, Case No. CV 17-1055 SJO, Dkt. 17
27   (C.D. Cal. 2018); <u>In re Barbour</u>, Case No. CV 17-1051 SJO, Dkt. 29 (C.D. Cal. 2018).

28   [16] See <u>In re Barbour</u>, Case No. 17-56584, Dkt. 8 (9th Cir. 2018).

1    district court's warning to a party that his failure to obey the court's order will result in dismissal

2    can satisfy the 'consideration of alternatives' requirement."). Briefing cannot commence – i.e., the

3    case cannot move forward – until appellant pays the transcript fees and otherwise perfects the

4    appellate record in accordance with the applicable rules. See Fed. R. Bankr. P. 8018(a)(1) ("30

5    days after the docketing of notice that the record has been transmitted or is available

6    electronically."). Appellant's dilatory conduct in this case[17] – as shown by his failures to comply

7    with the court's orders and deadlines despite repeated warnings that dismissal would be a

8    consequence of noncompliance – "forecloses any assumption that a new extension would be

9    fruitful." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Finally, the eight prior

10   dismissals of appellant's cases for failure to prosecute – one of them by this court[18] – strongly

11   underscore the court's belief that additional warnings and extensions will prove futile.

12        In short, this appeal is dismissed for failure to prosecute. See, e.g., Greco, 859 F.2d at

13   1404 (holding that district court did not abuse its discretion by dismissing an appeal from the

14   bankruptcy court where the appellant failed to comply with court deadlines to procure requisite

15   transcripts despite repeated warnings that failure to comply would result in dismissal); Sw.

16   Administrators, Inc. v. Lopez, 781 F.2d 1378, 1380 (9th Cir. 1986) ("This circuit and other circuits

17   have held that failure to provide a trial transcript warrants dismissal of the appeal."); In re Flowers,

18   716 F.Appx. 657, 657-58 (9th Cir. 2018) (affirming dismissal for repeated failures to comply with

19   court deadlines); In re Stasz, 520 F.Appx. 543, 544 (9th Cir. 2013) (same); see also Matter of

20   Scheri, 51 F.3d 71, 74 (7th Cir. 1995) ("When district courts have found dismissal to be the

21   appropriate sanction because the record demonstrates a consistent pattern of dilatoriness or

22   multiple failures to comply with deadlines, courts of appeals have not hesitated to affirm the

23

24    [17]  The second Greco factor (comparative fault of counsel) is not applicable here. Appellant
      is not represented by counsel, so he alone bears blame for not complying with Fed. R. Bankr. P.
25    8009. See Greco, 859 F.2d at 1404 (stating that though represented by counsel, the "delay in
      procuring the relevant transcripts was caused in part by [the] appellant's repeated failure to
26    provide the funds necessary to cover the transcription expense").

27    [18]  See In re More, Case No. CV 20-5733 FMO, Dkt. 14 (C.D. Cal. 2021) (dismissing appeal
      on January 12, 2021, for failure to prosecute due to appellant's failure to pay for necessary
28    transcripts).

district court's exercise of discretion."); <u>In re Champion</u>, 895 F.2d 490, 492 (8th Cir. 1990) (<u>per curiam</u>) (holding no abuse of discretion to dismiss when the <u>pro se</u> appellant repeatedly failed to make required filings).

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  The instant appeal is **dismissed without prejudice** for failure to prosecute.

2.  Judgment shall be entered accordingly.

Dated this 27th day of September, 2021.

_____
/s/
Fernando M. Olguin
United States District Judge